ROGER N. GOLDEN (SBN 61294)  Email: rngolden@earthlink.net
ROGER N. GOLDEN, A Professional Corporation
6303 Owensmouth Ave, 10th Floor
Woodland Hills, CA 91367
Telephone:     (818) 707-1528

DAVID B. GOLUBCHIK (SBN 185520) Email: dbg@lnbrb.com
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys For Plaintiff

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>CARSON HOM, an individual<br><br>Debtor | Case No. 2:08-bk-27142-SB<br><br>CHAPTER 7<br><br>Adv No. 09-01027-SB |
| AMAY'S BAKERY & NOODLE CO., INC.,<br><br>Plaintiff,<br><br>Vs.<br><br>CARSON HOM,<br><br>Defendant. | **PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Request for Judicial Notice filed concurrently herewith]<br><br>Hearing:<br>Date: November 3, 2009<br>Time:  2:00 p.m.<br>Place: Courtroom 1575 |

Pursuant to Local Bankruptcy Rule 7056-1(b)(2), Amay's Bakery & Noodle Co., Inc. ("Amay's"), hereby submits its *"Proposed Statement of Uncontroverted Facts and Conclusions of*

1

1  *Law"* ("Statement") in support of its motion (the "Motion") for Partial Summary Judgment as
2  against Carson Hom, the debtor and defendant herein ("Defendant"). The Statement sets forth all
3  findings of fact and conclusions of law which the Court should make pursuant to Rule 7052 of the
4  Federal Rules of Bankruptcy Procedure in conjunction with granting of the Motion and entry of
5  judgment as a matter of law in favor of Amay's. All capitalized terms used herein, which are not
6  otherwise defined, shall have the meanings given in the Motion.

## STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | EVIDENCE |
|---|---|
| 1. Amay's obtained a judgment against Defendant Carson Hom in the Los Angeles Superior Court (the "Judgment") in <u>Amay's Bakery & Noodle Co., Inc. vs. Carson Hom, et al.</u>, Los Angeles Superior Court Case No. BC 322221 ("Amay's II"). | Exhibit "A" |
| 2. Amay's II sought damages for, *inter alia*, breach of fiduciary duty, unfair competition, intentional interference with prospective economic advantage, and violation of the Uniform Trade Secrets Act. The case was tried over 10 court days in January-February, 2007 before Judge Ernest Hiroshige of the Los Angeles Superior Court. | Exhibit "1" to Nondischargeability Complaint; Exhibit "A", at 1/22 – 23 |

-2-

| | | |
|---|---|---|
| 1 | 3. In September, 2002, during the pendency of | Exhibit "C", ¶ 6 |
| 2 | Amay's I (*Amay's Bakery & Noodle Co., Inc. v.* | |
| 3 | *Leung on Hom, et al,* LASCt Case No. BC 251520), | |
| 4 | Carson, while the Secretary of Amay's and with Jim | |
| 5 | Hom's and William Wu's knowledge and approval, | |
| 6 | secretly set up a company known as Triton | |
| 7 | International Enterprises, Inc. ("Triton."). Carson | |
| 8 | was the sole shareholder, director, and Triton's only | |
| 9 | officer. Triton was set up to sell so-called grocery | |
| 10 | items and dry goods (sauces, chopsticks, canned | |
| 11 | goods, etc.) to Shamrock Foods to which Amay's, | |
| 12 | prior to and as of the date Triton was formed, had | |
| 13 | been selling the identical goods. | |
| 14 | | |
| 15 | 4. Triton's existence was kept a secret even after the | Exhibit "C", ¶ 7 |
| 16 | appointment by the Court of a provisional director in | |
| 17 | Amay's I. Nothing was ever disclosed to Amay's | |
| 18 | board about this corporation. The existence of Triton | |
| 19 | was discovered only after Jim was removed as | |
| 20 | President of Amay's and the new management | |
| 21 | began to operate Amay's and therefore had access to | |
| 22 | its records. | |

| | |
|---|---|
| 5. Triton sold the same canned and dry goods and sauces to Shamrock which Amay's had been selling to Shamrock before that business was diverted to Triton. Jim Hom, in concert with Carson and William Wu, established Triton for the sole purpose of diverting business away from Amay's. Its creation breached Jim's (and Carson's and Wu's) fiduciary duties to Amay's. | Exhibit "C", ¶ 15; Exhibit "B", at 3689 |
| 6. Jim Hom was removed as President by the Amay's Board of Directors on October 13, 2003. He resigned as a member of its Board of Directors on November 24, 2003. | Exhibit "C", ¶ 18 |
| 7. Carson, in concert with William Wu, and with Jim's financial support while he was still a director of Amay's, set up AsiaCorp, Inc., to take over the operations of Triton and to continue to divert Amay's customers for their own benefit. | Exhibit "C", ¶¶ 21-23, 28 |
| 8. AsiaCorp sold (and continues to sell) the same goods to the same customer, Shamrock Foods, to which Triton had been selling those goods. | Exhibit "C", ¶ 25 |
| 9. Carson solicited customers of Amay's on behalf of AsiaCorp using Amay's trade secrets | Exhibit "C", ¶¶ 36, 39, 40, 42, |

-4-

| | |
|---|---|
| 10. The gross sales of AsiaCorp from its inception to October, 2005, were $3,980,175.00. Its total sales to former Amay's customers to that same date were $3,857,774.00. This is 97% of AsiaCorp's total sales as of that date. These former Amay's customers, included, among others, Shamrock Foods, United Food Service, New Taiwan, Tai Sun Wholesale, A.S.A Trading Co., C.P. Foods, Giant Union, Good Fortunes, Rong Cheng Trading, Inc. | Exhibit "C", ¶¶ 33-34 |
| 11. Asiacorp (in addition to selling canned goods to Amay's customers) sold White Lotus almond cookies to Amay's customers using the Amay's recipes. | Exhibit "C", ¶ 44 |
| 12. AsiaCorp is part of the overall enterprise being unfairly operated by the Defendants [including Debtor Carson Hom] which unfairly competes with Amay's and violates Amay's trade secrets and interferes with its economic relationships with its customers. | Exhibit "C", ¶ 47 |

| | |
|---|---|
| 13. Carson acted wilfully, intentionally, and with malice with the intent and for the knowing purpose of violating Amay's rights by interfering with Amay's prospective economic advantage, engaging in unfair competition, violating the Uniform Trade Secrets Act and breaching and/or aiding and abetting the breaches of the fiduciary duty owed to Amay's. | Exhibit "C", ¶ 48 (second) |
| 14. Carson's actions were independently wrongful, malicious, and oppressive in a concerted effort to damage and destroy Amay's. | Exhibit "C", ¶ 49 |
| 15. In the Judgment the Court found by clear and convincing evidence that Carson Hom acted knowingly, willfully, intentionally, and fraudulently in engaging in his wrongful conduct And that Amay's was therefore entitled to punitive damages. | Exhibit "A, 3/2-9 |

| | | |
|---|---|---|
| 1 | 16. Carson Hom intentionally engaged in fraud and in defalcation while acting in a fiduciary capacity vis-a-vis Amay's and caused willful (deliberate and intentional) and malicious (wrongful and without just cause or excuse) injury to Amay's and property of Amay's. has wilfully, knowingly, and intentionally: (i) engaged in unfair competition; (ii) violated the California Uniform Trade Secrets Act; (iii) violated California Business and Professions Code Sections 17200, et seq; (iv) interfered with Amay's prospective economic advantage; and, (v) have conspired to: unfairly compete; violate the UTSA; violate B & P Code § 17200, et seq; and, interfere with Amay's prospective economic advantage. | Exhibit "A", 1/28-2/11 |
| 17 | 17. In the Judgment the Court awarded damages to Amay's and against, inter alia, Carson Hom, in the amount of $2,501,149 plus prejudgment interest at the rate of seven percent (7%) per annum from the date when the amounts constituting said damages were incurred by Amay's plus interest on the total judgment upon entry at the rate often percent (10%) per annum. | Exhibit "A", 2/12-18 |

| | |
|---|---|
| 18. Post judgment motions for Amay's fees and costs were subsequently granted in the total amount of $375,704.02. | Exhibits "D" and "E"; Declaration of Roger N. Golden, ¶¶ 5, 6 |
| 19. The total amount of damages awarded by the Court, including fees and costs, but excluding prejudgment and postjudgment interest, is $2,876,720.02. | Exhibits "A," "D," and "E" |
| 20. Notice of Entry of Judgment was sent to the attorney of record representing Carson in Amay's II on June 4, 2009. It was entered by the Court on June 12, 2009. | Declaration of Roger N. Golden, ¶¶ 7, 8 Exhibit "F"; Exhibit "G" |
| 21. No Notice of Appeal has been filed by Carson and the Judgment is final. | Declaration of Roger N. Golden, ¶ 8; Exhibit "G"; CCP § |

## CONCLUSIONS OF LAW

1. Partial summary judgment is proper as a matter of law in favor of Amay's and against Defendant on the Second Cause of Action set forth in the Complain pursuant to Rules 56 and 7056 of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, respectively; and

2. A non-dischargeable judgment pursuant to 11 U.S.C. § 523(a)(6) should be entered in favor

-8-

Case 2:09-ap-01027-SB    Doc 17    Filed 09/28/09    Entered 09/28/09 12:05:12    Desc
Main Document    Page 9 of 11

of Amay's and against Debtor in the amount of $2,876,720.02;

3. Pre- and Post-judgment interest on the non-dischargeable judgment should be entered in favor of Amay's and against Debtor.

Dated: Dated: September 27, 2009     ROGER N. GOLDEN, a Professional Corp.
and
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.

By: _____
DAVID B. GOLUBCHIK
Attorneys for Plaintiff

| In re:<br>CARSON HOM,<br>AMAY'S BAKERY & NOODLE CO., INC.,<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 2:08-bk-27142-SB<br>ADVERSARY NUMBER 09-0127-SB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

The document described as: **PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 28, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

* David B Golubchik    dbg@lnbrb.com
* Steven A Schwaber    schwaberlaw@sbcglobal.net
* United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **September 28, 2009**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**VIA U.S. MAIL**
Chapter 7 Trustee
Heide C. Kurtz
2515 South Western Avenue, Suite 11
San Pedro, CA 90732

☐ Service information continued on attached page

(PROOF OF SERVICE CONTINUED ON FOLLOWING PAGE)

1

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 28, 2009**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**COURTESY COPY SERVED VIA ATTORNEY MESSENGER DELIVERY:**
Hon. Samuel Bufford
United States Bankruptcy Court
Central District of California
Los Angeles Division
255 E. Temple Street, Ctrm 1575
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 28, 2009 | Angela Antonio | /s/ Angela Antonio |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

2